**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | MDL No. 2804 |

This Document Relates to the Following:

*County of Angelina v. Purdue Pharma, L.P., et al*
S.D. Texas, Case No. 19-03590; Div 4

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO −115)**

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), County of Angelina ("Plaintiff") files this Memorandum of Law in Support of its Motion to Vacate Conditional Transfer Order (CTO-115), as follows:

**I.
PRELIMINARY STATEMENT**

Defendants seek to delay Plaintiff's pursuit of its claims by having this action transferred into the multidistrict litigation ("Federal MDL"). In order to further their delay strategy, Defendant McKesson Corporation ("McKesson") removed Plaintiff's state-law action to federal district court despite there being no basis for federal subject-matter jurisdiction. Defendant CVS Health Corporation ("CVS") supplemented the notice of removal with additional unfounded bases for federal subject matter jurisdiction. Because the removal was improper and federal jurisdiction is lacking, Plaintiff has requested the United States District Court for the Southern District of Texas ("Southern District of Texas") remand this action. The most efficient course of action now, both

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 1**

for the parties and for the courts, is to permit the Southern District of Texas to determine the threshold jurisdictional issue: whether removal was proper. Plaintiff expects remand will promptly be granted in this case if the Southern District of Texas is provided an opportunity to rule on the motion. Particularly in light of the moratorium on remand motions in the Federal MDL, a transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice Plaintiff by causing further needless delay and unnecessary expense.

Plaintiff respectfully requests that the Panel vacate its conditional transfer of this matter to the Northern District of Ohio pending the Southern District of Texas's determination regarding federal subject-matter jurisdiction. Doing so will foster the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1.

## II.
## PROCEDURAL HISTORY

On November 14, 2018, Plaintiff filed suit against Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Company, Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceuticals Inc., Endo Health Solutions Inc., Endo Pharmaceuticals, Inc., and Does 1-100 inclusive.[1] Plaintiff asserted numerous state law claims against Defendants, alleging that they are responsible for the oversupply of opioids in the County because the Distributors flooded the market with opioids despite evidence suggesting suspicion for diversionary purposes. On December 11, 2018, counsel for Defendants filed a Notice of Transfer of Tag-along Case, and the case was transferred to the Texas Opioid Litigation MDL.[2]

---

[1] *See* Exhibit 1, Plaintiff's Original Petition.
[2] *See* Exhibit 2, Tag-Along Order. On June 13, 2018, upon motion filed by the Manufacturing Defendants and joined by Distributor Defendants, including McKesson, the Texas MDL Panel transferred all pending opioid cases, together with any tag-along cases, to the Honorable David Peeples, senior judge of the 224th District Court of Bexar County, as the pretrial judge for the Texas Opioid Litigation MDL. Exhibit 3, Texas MDL Order. After Judge Peeples recused himself,

On December 14, 2018, Judge Schaffer entered a Case Management Order applying to all cases pending before it as well as any tag-along cases transferred.[3] All proceedings and deadlines in the Texas MDL, with the limited exception of propounding discovery or effectuating service – was stayed. Judge Schaffer lifted the stay for five cases—Dallas County, Delta County, Falls County, Hopkins County, and Travis County—for limited purpose of briefing and resolving Rule 91a motions to dismiss. On March 20, 2019, McKesson, along with Defendants AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and Cardinal Health 110, LLC (collectively "Distributors") filed a Rule 91a Motion to Dismiss.[4] On June 6, 2019, the MDL denied Distributors' motion.[5]

On July 26, 2019, Plaintiff was selected as one of four Defense choices to go forward as bellwether trials within the Texas MDL. With input from Defendants, Judge Schaffer has set two of the four defense picks, Plaintiff and Burleson County, for trial in early 2021.[6] Both counties were subsequently removed by Defendants.[7]

Plaintiff filed an Amended Complaint on August 23, 2019, adding Defendants Allergan PLC, Actavis, LLC, Actavis Pharma, Inc., AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc., McKesson

---

the MDL Panel reassigned the proceeding to the Honorable Robert Schaffer of the 152nd District Court of Harris County on September 5, 2018.

[3] *See* Exhibit 4, Case Management Order.

[4] Distributors filed their First Amended Rule 91a Motion to Dismiss on March 29, 2019. *See* Exhibit 5, Distributors' First Amended 91a Motion to Dismiss.

[5] *See* Exhibit 6, Orders Denying 91a Motions. On August 23, 2019, the appellate court denied Distributors' petition for a writ of mandamus challenging Judge Schaffer's order denying Distributors' Rule 91a motion to dismiss. *See* Exhibit 7, Court of Appeals Memorandum Opinion. The Texas Supreme Court denied the Distributors' writ on October 18, 2019. *See* Exhibit 8, Supreme Court Orders, October 18, 2019. The Manufacturing Defendants also filed 91a Motions, which were denied.

[6] *See* Exhibit 9, Transcript of July 26, 2019 Hearing, at 17, 36.

[7] *See* Exhibit 10, Transcript of October 4, 2019 Hearing, at 13-16.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 3**

Corporation, Cardinal Health, Inc., CVS Health Corporation, Walgreen Co., Walgreens Boots Alliance, Inc., Morris & Dickson Co., LLC, SpecGX LLC, Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals, Inc., Wal-Mart, Inc., and Does 1-100.[8] The new Defendants have not yet been served with process.

On September 23, 2019, McKesson removed this case pursuant to the federal officer removal statute, 28 U.S.C. §1442(a)(1), despite not having done so in the sister cases in the Texas MDL.[9] McKesson now claims that its Pharmaceutical Prime Vendor ("PPV") contract with the federal government somehow transforms McKesson from a reseller of pharmaceutical products to a "federal officer." On October 21, 2019, Plaintiff filed a motion to remand.[10]

On October 14, 2019, Defendant CVS Health Corporation ("CVS") filed a Supplemental Notice of Removal.[11] Plaintiff was not served with a copy of CVS's filing and only recently learned of it. CVS contends that two additional bases for federal subject matter jurisdiction exist – federal question and the Class Action Fairness Act. Both are baseless, and Plaintiff will be filing a response in opposition to CVS's Notice shortly.

On October 8, 2019, the Panel issued its Conditional Transfer Order (CTO-115). Plaintiff timely filed its Notice of Opposition on October 15, 2019. (Case TXS/4:19-cv-03590, Doc. 3)

### III.
### SUMMARY OF ARGUMENT

As demonstrated below, the JPML should grant Plaintiff's motion to vacate a transfer of this case to the Northern District of Ohio for inclusion in the Federal MDL as it will not serve the convenience of the parties and witnesses and will not promote the just and efficient conduct of this

---

[8] *See* Exhibit 11, Plaintiff's First Amended Petition.
[9] *See* Exhibit 12, Notice of Removal.
[10] *See* Exhibit 13, Motion to Remand.
[11] *See* Exhibit 14, Supplemental Notice of Removal.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 4**

litigation. Vacatur is warranted because this case does not pose any danger of inconsistent rulings or duplicative proceedings.

Furthermore, Plaintiff respectfully points out that the JPML should neither promote nor facilitate Defendants' continued gamesmanship of the legal system, *i.e.*, the baseless removal from state to federal court for the sole purpose of subsequently being able to immediately file a Notice of Tag-Along Case with the JPML and avoid immediate consideration of a pending motion to remand. The JPML's sanctioning of this type of procedural gamesmanship would be unjust and a mockery of the judicial system.

## IV.
## THE STANDARD TO BE APPLIED

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.,* 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp. 976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. *See* 28 U.S.C. § 1407(a); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the *just* and efficient conduct of such actions and before the convenience of the parties and witnesses") (emphasis in original). Congress intended for consolidation to be ordered "only where *significant* economy and efficiency in judicial administration may be obtained." *See* H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

V.
**ARGUMENT AND AUTHORITIES**

A. **Transfer Will <u>Not</u> Serve the Convenience of the Parties and Witnesses and Will Not Promote the "Just and Efficient" Conduct of this Litigation.**

Transfer will not serve the convenience of the parties or witnesses. The Southern District of Texas, where the case is currently pending, should make a preliminary assessment of the jurisdictional issue. If that assessment suggests that federal court lacks jurisdiction, the court should remand the case rather than waste the time of another court. *Curnow v. Stryker Corp.*, Case No. 13-13271, 2013 U.S. Dist. LEXIS 147917 at *7, 2013 WL 5651439 (E.D. Mich. October 15, 2013).

Should this case be transferred, Plaintiff's claims will likely end up spending many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset. Not only would Plaintiff be required to re-submit its Motion to Remand to the Transferee Court, but, pursuant to MDL No. 2804 Order Regarding Remands, dated February 16, 2018, Plaintiff would be *precluded* from having the motion to remand addressed for an unknown period of time.[12] A transfer of this action would greatly prejudice Plaintiff by depriving it of the earliest and most efficient resolution of the right to pursue its claim in Texas state court if its pending Motion to Remand is granted.

Plaintiff maintains the jurisdictional questions are not factually or legally difficult, and expects that this case will soon be remanded to state court provided the Southern District of Texas is permitted to rule on the matter.

---

[12] *See* Exhibit 15, Moratorium Order Regarding Remands.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 6**

### 1. *McKesson's invocation of § 1442(a)(1) removal was improper.*

McKesson's assertion of federal officer jurisdiction based on its Pharmaceutical Prime Vendor ("PPV") contract with the Department of Veterans Affairs is improper. As explained in detail in Plaintiff's motion to remand, to invoke 28 U.S.C. § 1442(a)(1) removal, a defendant must demonstrate that it acted pursuant to a federal officer's directions, that a causal nexus exists between its actions under the color of federal office and the plaintiff's claims, and that it has a colorable defense.[13] *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017). McKesson cannot demonstrate *any* of these requirements, much less all of them.

First, under the PPV contract, McKesson simply resells commercial goods to the federal government; it does not "act under" a federal officer. When a vendor simply sells commercial goods to the government, it is not "acting under" a federal officer, even if such sales are part of a negotiated price/delivery contract. *See Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664 (E.D. La. 2007) ("it is simply not the case that private entities are entitled to a federal forum whenever litigation arises concerning products sold to the federal government"); *Megill v. Worthington Pump, Inc.*, Civil Action No. 98-76-SLR, 1999 U.S. Dist. LEXIS 4433, at *5 (D. Del. 1999) (remanding where "there is no evidence of record that Worthington's commercial products (which comport with commercial specifications) in any way deviated from the products sold to the Navy (which comported with military specifications)").

Second, there is no causal nexus between McKesson's actions taken under the PPV contract and Plaintiff's state law claims. A defendant seeking removal under § 1442(a)(1) must show that its actions taken pursuant to the government's direction or control caused the plaintiff's injuries. *Latiolas v. Huntington Ingalls, Inc.*, 918 F.3d 406, 409 (5th Cir. 2019). Plaintiff's claims

---

[13] *See* Exhibit 13, Plaintiff's Motion to Remand.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 7**

against McKesson center around McKesson's failure to act as a gatekeeper and to monitor the flow of opioids into Angelina County. Plaintiff alleges that McKesson continued to disburse and distribute immense amounts of opioids that it knew or should have known had no valid medical purpose. McKesson has not asserted that the government prevented it from complying with Texas law. *Custer v. Cerro Flow Prods.*, No. 09-514-DRH, 2009 U.S. Dist. LEXIS 116857, at *13 (S.D. Ill. Dec. 15, 2009) ("Defendants have not pointed to any government requirement that prevented them from handling and disposing of PCBs with care"). McKesson has not asserted that it identified and attempted to stop suspicious orders to Angelina County but the federal government directed it to ship them. There is no causal nexus between Plaintiff's claims and McKesson's actions alleged to be under the color of federal law.

Third, McKesson claims it has three federal defenses: federal contractor defense, lack of standing, and preemption. None are colorable. Like the causal nexus requirement, the federal contractor defense is fundamentally a claim that the "government made me do it." *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 465 (5th Cir. 2010) (quoting *In re Joint E. & S. Dist. N.Y. Asbestos Litig.*, 897 F.2d 626, 632 (2nd Cir. 1990)). For the same reasons there is no causal nexus, McKesson's federal contractor defense is not plausible. In addition, McKesson argues that Plaintiff lacks standing because it "effectively" challenged McKesson's compliance with the Controlled Substances Act, which does not provide for a private cause of action. But Plaintiff has not asserted a claim under the Controlled Substances Act; it has asserted valid Texas state law claims. A defense to a claim that Plaintiff has not made cannot be colorable. Finally, McKesson asserts it has a preemption defense to the extent Plaintiff's claims conflict with McKesson's duties under the CSA. However, the CSA expressly permits state law claims, and McKesson has not identified any

potential conflict between the CSA and Texas law. Again, McKesson failed to assert a colorable defense.

Furthermore, in the Petition, Plaintiff expressly disclaims any theory of recovery arising under federal law, which would include any claims based on McKesson's actions undertaken at the direction of a federal officer. Plaintiff is "master" of its complaint, and McKesson cannot force Plaintiff to make claims it expressly disclaimed. *Uzee v. Huntington Ingalls, Inc.*, No. 18-6856, 2018 U.S. Dist. LEXIS 164059, at *13 (E.D. La. 2018).

A simple review of the pleadings makes clear that the federal-officer removal statute does not provide a basis for federal subject-matter jurisdiction. Requiring Plaintiff's case to remain in indefinite limbo until the remand is ordered is not just nor efficient.

### 2.     *CVS's Alternative Bases for Jurisdiction Are Also Improper.*

CVS's Supplemental Notice asserts alternative bases for federal subject matter jurisdiction, but they are also groundless and contrary to precedent. CVS raises issues identical in every meaningful way to those raised in sister case *Johnson County v. CVS Health Corporation, et al.*, Civil Action No. 4:19-CV-01637 (remanded July 24, 2019). In *Johnson County*, CVS removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"). Walmart Inc. filed a Supplemental Notice in Support of Removal, identifying federal question jurisdiction as an alternative basis for federal jurisdiction. The Southern District of Texas remanded the case, holding that the case is not a class action so CAFA jurisdiction is inapplicable, and that the existence of relevant state-law duties means that a federal issue is not "necessarily raised" and therefore, federal-question jurisdiction does not exist.[14] CVS is resurrecting the same arguments with no good faith reason to expect a different result.

---

[14] *See* Exhibit 16, *Johnson County* Remand Order.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 9**

    a)  *No Federal Question Jurisdiction*

Nevertheless, CVS argues that any duties implicated by Plaintiff's claims derive from the federal Controlled Substances Act, ignoring Texas statutes and regulations (and potentially common law). As in *County of Johnson*, "[t]his is not a case with an 'absence of any state law grounding for the duty that the [Plaintiff] would need to establish for the Defendants to be liable.'"[15] Thus, a federal issue is not necessarily raised and federal-question jurisdiction does not exist over Plaintiff's state-law claims.

Furthermore, CVS's assertion that federal question jurisdiction based on the Controlled Substances Act is applicable has been rejected by courts across the country time and again. *See, e.g., New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242 (D.N.M. 2018); *Illinois Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 U.S. Dist. LEXIS 117412 (N.D. Ill. July 15, 2019); *Dinwiddie County, Virginia v. Purdue Pharma, L.P.*, 3:19-CV-242, 2019 U.S. Dist. LEXIS 102294 (E.D. Va. June 18, 2019); *Dunaway v. Purdue Pharma L.P.*, No. 2:19-cv-00038, 391 F.Supp.3d 802 (M.D. Tenn. May 22, 2019); *In re Nat'l Prescription Opiate Litig.*, MDL 2804, 2019 U.S. Dist. LEXIS 6425 (N.D. Ohio Jan. 14, 2019), *mooted by removing Defendants' consent to remand* (N.D. Ohio Jan. 17, 2019); *Tucson Med. Ctr. v. Purdue Pharma LP*, CV-18-00532-TUC-RCC, 2018 U.S. Dist. LEXIS 213616 (D. Ariz. Dec. 19, 2018); *City of Reno v. Purdue Pharma, L.P.*, No. 3:18-cv-00454-MMD-WGC, 2018 U.S. Dist. LEXIS 187821 (D. Nev. Nov. 2, 2018); *In re Nat'l Prescription Opiate Litig.*, MDL 2804, 2018 U.S. Dist. LEXIS 143589 (N.D. Ohio Aug. 23, 2018); *Weber County., Utah v. Purdue Pharma, L.P.*, No 1:18-cv-00089-RJS, 2018 U.S. Dist. LEXIS 133312 (D. Utah August 7, 2018); *Uintah County, Utah v. Purdue Pharma, L.P.*, No. 2:18-cv-00585-RJS, 2018 U.S. Dist. LEXIS 133310 (D. Utah Aug. 7,

---

[15] *See* Exhibit 16, *Johnson County* Remand Order, at 6.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 10**

2018); *City of Granite City, IL v. AmerisourceBergen Drug Corp.*, 18-CV-1367-SMY-DGW, 2018 U.S. Dist. LEXIS 117152 (S.D. Ill. July 13, 2018); *Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. 1:18-cv-383, 2018 U.S. Dist. LEXIS 69406 (D. Del. Apr. 24, 2018); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, No. C16-1772, 2017 U.S. Dist. LEXIS 9352 (S.D.W. Va. Jan. 24, 2017).

        b)      *No CAFA Jurisdiction*

The Class Action Fairness Act ("CAFA") provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and ***is a class action***…" 28 U.S.C. § 1332(d)(2) (emphasis added). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial proceeding authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is not a class action. Plaintiff did not file this action under Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule of judicial procedure authorizing an action to be brought as a class action. Plaintiff has not sought to proceed as a representative of any potential class. There is no objectively reasonable basis for removal based CAFA jurisdiction.

Removal based on CAFA has not been as extensively litigated, perhaps because of its apparent frivolity. Nevertheless, courts that have been presented with the "class action" argument have rejected it. *See Johnson County* Remand Order (attached as Exhibit 16), at 1-2; *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208 (2d Cir. 2013); *Arlington County v. Purdue Pharma L.P., et al.*, No. 1:19-cv-402, Memorandum Opinion and Order, at 13-14 (E.D. Va. May 6, 2019) (attached as Exhibit 17).

### 3.     *Justice and Efficiency Require Vacatur of the Conditional Transfer Order.*

Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-115) should be granted because the most just and efficient course is to allow the Southern District of Texas Court to decide Plaintiff's pending Motion to Remand. The Panel frequently abstains from ordering transfer when important motions await decision by the originating court. *See, e.g., In re L.E. Lay & Co. Antitrust Litig.,* 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.,* 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was *sub judice* because the Panel has "consistently adhere to well-founded principles of comity in deciding motions to transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.,* 483 F. Supp., 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of motion for summary judgment that had been submitted to the transferor judge).

In particular, the Panel has stayed prior transfer-decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. *See In re Air Crash Disaster at J.F.K. Int'l Airport,* MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court), *cited by* Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts,* 78 F.R.D. 575, 577, n. 15(1978); *see also, In re Prof'l Hockey Antitrust Litig.,* 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent,* 311 F. Supp. 1342, 1344 (J.P.M.L. 1970) (transfer order stayed

pending decision of court on motion to dismiss); *In re Deering Milliken Patent,* 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 moot if decided favorably).

Here, a transfer of this action would not promote "*significant* economy and efficiency in judicial administration," but would delay the resolution of the motion to remand. H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added). The jurisdictional issues raised are not factually or legally difficult. Vacating the conditional transfer of this action in these circumstances will ensure the timely and orderly progress of this action in a court of proper jurisdiction. This Court's moratorium on remand motions would result in Plaintiff's case languishing in jurisdictional limbo indefinitely should the transfer not be vacated.[16] Conversely, there are no impediments hindering the Southern District of Texas's ability to timely decide the issue. If Plaintiff's remand motion is denied, the conditional transfer process can be reinitiated.

A transfer at this juncture would result in additional, unnecessary expense and delay in light of the moratorium on all substantive filings, including motions to remand. Plaintiff has already suffered delays in pursuing its claims against Defendants because of inappropriate removals and would be further prejudiced if the case were transferred, including potentially losing its trial date.[17] Accordingly, the Panel should vacate the Conditional Transfer Order (CTO-115) with respect to this action in order to promote the just, speedy, and inexpensive determination of this action.

**B.   Vacatur Is Warranted Because this Case Does Not Pose any Danger of Inconsistent Rulings or Duplicative Proceedings.**

Plaintiff anticipates Defendants will argue a risk of inconsistent or duplicative proceedings

---

[16] See Exhibit 15, Moratorium Order Regarding Remands.
[17] Defendant Purdue previously removed the case, alleging diversity jurisdiction. The case was remanded. *See* Exhibit 18, Remand Order.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 13**

exists in light of this Court's decision in *In re National Prescription Opiate Litig.*, 327 F.Supp.3d 1064 (N.D. Ohio 2018), but the case is inapposite and provides no basis for any concern regarding inconsistent rulings or duplicative proceedings.

In *In re National Opiate Prescription Litig.*, the Cherokee Nation and Lac Courte Oreilles Band of Lake Superior Chippewa Indians (collectively, "the Tribes") filed suits against opioid distributors, manufacturers and pharmacies in state courts. McKesson removed both cases, alleging as its grounds the federal officer removal statute, and the cases were transferred to the Federal MDL. The Court denied the Tribes' motions to remand. However, in doing so, the Court emphasized that it "**construe[d] McKesson's removal arguments very narrowly as applicable only to the specific facts of these two case**s." 327 F.Supp.3d at 1078 (emphasis added). For example, the MDL Court found the unusual circumstances pertaining to the provision of medical services and supplies to Native American populations persuasive, noting that McKesson "helps the VA (and Indian Health Service) carry out their duties of providing prescription drugs to the Cherokee Nation and the Lac Courte Oreilles Bank of Lake Superior Chippewa Indians." *Id*. at 1071. Broad segments of the Native American population, particularly those residing on tribal lands or otherwise active in tribal affairs, are entitled to healthcare services provided by IHS, a party to the PPV. The same cannot be said for the general population of the County of Angelina. Unlike the Indian tribes or IHS, Plaintiff is not a party to the PPV, and it does not purchase any pharmaceuticals through the PPV. It is not a "federal customer" that McKesson contracted with through the PPV method. Rather, Plaintiff's injuries are derived from the broad distribution of opioids into the general population of Angelina County, with no particular relationship to the VA, IHS or any other specific federal agency. The Court also specifically noted and found significant that there were already 51 actions brought by Indian tribes pending before it, but that remand was

only being sought in two of those actions. *Id*. at 1079. The other actions were either originated in federal court or removal was not contested.  Conversely, Texas counties have filed suit in Texas state courts and have consistently fought Defendants' repeated attempts at removal.

Plaintiff is unaware of any cases presenting identical or similar federal officer jurisdictional issues pending in the MDL proceedings. Indeed, McKesson has not asserted federal-officer jurisdiction in many of the cases filed against it, including those pending against it in the Texas MDL.[18]

To the extent federal-officer jurisdiction based on McKesson's PPV contract may arise in other cases, a quick ruling by the Southern District of Texas on the applicability of the federal officer removal statute may benefit the parties and save other courts from having to consider the issue. If the court grants Plaintiff's motion to remand, McKesson may be deterred from removing future cases on similar grounds, further clogging up federal courts. If Plaintiff's motion is denied, Plaintiff's counsel will likely think twice about naming McKesson in cases filed in state court.

The other asserted bases for federal subject matter jurisdiction – federal question and CAFA – are baseless and frivolous. Courts across the country, including the Southern District of Texas, have consistently held removal was improper and remanded when faced with nearly identical jurisdictional questions.[19] The issues are not factually or legally difficult, and there is no appreciable risk of inconsistent rulings.

---

[18] McKesson joined the Manufacturing Defendants in seeking the creation of a Texas MDL for opioid litigation rather than removing the sister cases filed in state court. *See* Exhibit 3, Texas MDL Order.

[19] *See, supra* at pp. 9-11.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 15**

**C.     The JPML Should Neither Promote nor Facilitate the Defendants' Gamesmanship of the Legal System.**

In theory, the JPML does not have power over state courts. In reality, multinational corporations with deep pockets are easily able to circumvent this "slight inconvenience" through procedural gamesmanship.

It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no identifiable purpose other than to indefinitely delay the litigation. Yet this is precisely what Defendants have done here. As noted *supra*, Defendants have asserted erroneous grounds for federal subject-matter jurisdiction.[20]

McKesson removed this action, with the stated intention of filing a "tag-along" notice with the Panel.[21] It did so, with full knowledge of the moratorium on remand motions, *solely* for the purpose of delay in the hope that the MDL Panel would transfer this action to MDL 2804 before any court has the opportunity to either rule on the question of federal jurisdiction or reach the merits of Plaintiff's claims in this action.

Other courts have recognized that such manipulation of the federal courts is improper. "If in fact the removal of this action was done for the purpose of delay, the Court strongly disapproves of such gamesmanship of the legal system and waste of judicial resources. Rule 11 states, '[b]y presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.' Fed R.

---

[20] *See also* Exhibit 13, Plaintiff's Motion to Remand.
[21] *See* Exhibit 12, Notice of Removal, at ¶ 14.

**Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Vacate – Page 16**

Civ. P. 11(b)." *Dale Sundby, et al., v. The Bank of New York Mellon, et al.,* Case No. 11CV627 DMS (RBB), 2011 U.S. Dist. LEXIS 160738, AT *5 (S.D. Cal. May 3, 2011).  This Panel also should strongly disapprove of Defendants' gamesmanship of the legal system and waste of judicial resources in the instant case.

## VI.
## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant its Motion and enter an order (1) vacating the conditional transfer order (CTO-115) with respect to this cause of action, and (2) granting Plaintiff such additional relief to which it may be entitled and which the Panel deems just and proper.

Dated: October 29, 2019

                                          Respectfully Submitted,

                                          */s/ Jeffrey B. Simon*
                                          Jeffrey B. Simon
                                          Texas Bar No. 00788420
                                          SIMON GREENSTONE PANATIER, PC
                                          1201 Elm Street, Suite 3400
                                          Dallas, Texas  75270
                                          Phone: (214) 276-7680
                                          Fax:  (214) 276-7699
                                          jsimon@sgptrial.com

                                          *ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The hereby certify that on October 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon
