# Exhibit 4

12/14/2018 5:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 29770899
By: Tiffany Jefferson
Filed: 12/14/2018 5:44 PM

## MASTER FILE NO. 2018-63587

| | | |
|---|---|---|
| IN RE: TEXAS OPIOID LITIGATION | § § § | IN THE DISTRICT COURT |
| MDL NO. 18-0358 | § § | 152ND JUDICIAL DISTRICT |
| *This Document Relates to All Cases* | § | HARRIS COUNTY, TEXAS |

### <u>CASE MANAGEMENT ORDER NO. 1</u>

Pursuant to Texas Rule of Judicial Administration 13.6(c), the Court orders as follows:

1.      **<u>Scope.</u>**      This Case Management Order ("CMO") applies to all cases pending before this Court in *In re: Texas Opioid Litigation* (Harris County Cause No. 2018-63587) as well as any tag-along cases transferred to this Court pursuant to Rule 13 of the Rules of Judicial Administration (together, the "MDL Cases" or the "Texas MDL").

2.      **<u>Application to All Parties and Counsel.</u>**      This CMO and all subsequent pretrial or case management orders shall be binding on all parties and their counsel in all cases pending, or subsequently transferred to, the Texas MDL and shall govern each case in the Texas MDL unless the order explicitly states that it relates only to specific cases.

3.    **<u>Master Docket; Case Style.</u>**    This Court has assigned Master Docket Number 2018-63587 to *In re: Texas Opioid Litigation* (the "Master Docket").  All orders in the Master Docket shall apply to all transferred cases.  When a pleading is intended to be applicable to all transferred cases, the case style of the pleading shall state: "This Document Relates to All Cases."  Documents relating to all cases shall be filed in the Master Case file only.  For example, this CMO relates to all cases and will be filed in the Master Case File only.  When filing papers related to all cases, the Master Docket Number shall be used with the following style and caption:

MASTER FILE NO. 2018-63587

| | | |
|---|---|---|
| IN RE: TEXAS OPIOID LITIGATION | § § § | IN THE DISTRICT COURT |
| | | 152ND JUDICIAL DISTRICT |
| MDL NO. 18-0358 | § § | |
| *This Document Relates to All Cases* | § | HARRIS COUNTY, TEXAS |

4.   **Case-Specific Documents.**   When a pleading or document is intended to relate only to a particular case, the case style shall bear the caption for that specific case as assigned by the trial court preceded by the MDL Pretrial Cause Number and followed by the Master Docket Number and case style, for example:

MDL PRETRIAL CAUSE NO. _____

| | | |
|---|---|---|
| COUNTY OF _____ *Plaintiff,* | § § | IN THE DISTRICT COURT |
| v. | § § | |
| | § | _____ JUDICIAL DISTRICT |
| DEFENDANT, ET AL. *Defendants.* | § § | |
| | § | _____ COUNTY, TEXAS |

**************************************************

******

MASTER FILE NO. 2018-63587

3

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| IN RE: TEXAS OPIOID | § | 152ND JUDICIAL DISTRICT |
| LITIGATION | § | |
| | § | HARRIS COUNTY, TEXAS |

5. **Notice of Electronic Filing and Service.** Counsel for all parties are to register for electronic notification of filings with the Court's electronic filing system (eFileTexas) in the Master File, No. 2018-63587, and in all individual cases in the Texas MDL in which the parties have been properly served. With the exception of documents listed in Tex. R. Civ. P. 21(f)(4), any document that a party files in the Texas MDL must be filed electronically pursuant to the Court's electronic filing procedures. Filing documents electronically constitutes service on all counsel of record.

6. **Admission of Counsel.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any court of record in the United States are automatically admitted pro hac vice in this litigation and need not file a motion to be admitted pro hac vice. Association of local co-counsel is not required.

4

7.   **Local Rules and Procedures.**  Counsel are expected to familiarize themselves with the Court's local rules and procedures as well as the Texas Rules of Civil Procedure and the Texas Rules of Evidence. Except as otherwise provided in this CMO or any other order of this Court, the Texas Rules of Civil Procedure pertaining to discovery and the Texas Rules of Evidence will apply in this proceeding.   Counsel should also note that the court has established a webpage dedicated specifically to this litigation.  *See* http://www._____.  The Court will post Case Management Orders applicable to "All Cases" on this website as well as select orders from individual member actions and other relevant information.

http://www.justex.net/Courts/Civil/CivilCourt.aspx?crt=11

8.   **Appointing Organizing or Liaison Counsel.**

a.   Plaintiffs.  On November 28, 2018, this Court entered an order establishing Plaintiffs' leadership structure.

b.   Defendants.  The Court appoints Defendants' liaison counsel as follows: Noelle M. Reed for the Manufacturing Defendants and Craig Smyser for the Distributor Defendants.  Applications for liaison counsel

for any other defendant group must be submitted to the Court on or before _January 11, 2019___ .

**c.** The designation of leadership or liaison counsel does not substitute for, supersede, or alter the parties' service requirements pursuant to the Texas Rules of Civil Procedure. Service on leadership or liaison counsel does not constitute service upon any parties other than those for whom such counsel is counsel of record in this litigation. Leadership and liaison counsel fulfill only an administrative role. The role of leadership should not interfere with each local entity's right to control legal services or choose its legal counsel. Each party is either represented by counsel or appearing pro se for all substantive purposes. Leadership and liaison counsel shall assist the Court and parties in administrative duties that arise in the litigation and shall fulfill such other responsibilities as may be agreed upon by the parties for whom leadership and liaison counsel are appointed to serve.

**9.** **Status Conferences.** The Court may hold status conferences on dates to be determined and posted with at least __14__ days advance notification to all counsel of record.

**a.**  Attendance.  To minimize costs and facilitate a manageable conference, parties are not required to attend each status conference in person, but may instead designate counsel for another party to speak on their behalf as appropriate.  When possible, the Court encourages parties with similar interests to designate one attorney to address each particular issue on the agenda.  A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation or from attending any hearing or conference; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

**b.**  Telephonic attendance.  The Court will establish a telephone conference line so that counsel may attend the status conferences remotely.

10. **Interim Measures.**  All proceedings and deadlines in the Texas MDL have been stayed by prior court orders.  As of November 16, 2018, the Court lifted the stay for the limited purpose of allowing the parties to propound discovery or effectuate service.  All other proceedings and deadlines, including deadlines for responding to discovery, remain

stayed pending further order by this Court. The stay in effect does not limit any party from dismissing, non-suiting, or otherwise releasing another party from any MDL case.

11. **Communications with the Court.** Unless otherwise ordered by the Court, all substantive communications with the Court shall be filed. Requests for specific dates and times for hearings should not be made without prior consultation with opposing counsel representing the parties to the matters at issue at the hearing. The Court encourages cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection against disclosure otherwise available under law.

12. **Related Proceedings.** The parties recognize that several other actions involving the same subject matter as the Texas MDL have been filed in the courts of a number of states and in federal courts. The parties shall meet and confer regarding a proposed coordination order. If an agreement is reached, the parties will submit a joint proposed

coordination order to the Court by December 28, 2018. If the parties cannot agree, the parties will submit individual briefings to the Court by January 8, 2019.

13. **Bellwether Trials.** The Texas Local Entity Plaintiffs[1] and Defendants shall meet and confer regarding the use of bellwether trials. If an agreement is reached, those parties will submit a joint proposed Order to the Court by January 25, 2019. If those parties cannot agree, those parties will submit individual briefings to the Court by February 1, 2019. This provision does not apply to State of Texas' lawsuit against the Purdue Defendants, MDL Pretrial Cause No. 2018-77003, *State of Texas v. Purdue Pharma L.P. et al.*

14. **Protective Order.** Because disclosure and discovery in the Texas MDL will involve production of confidential, proprietary, and private information for which special protection from public disclosure and from any purpose other than prosecuting this litigation would be warranted, the parties shall confer on a proposed Joint Protective Order.

---

[1] Texas Local Entity Plaintiffs" refers to the non-State of Texas plaintiffs and is meant to include counties, municipalities, hospital districts, union, and all plaintiffs currently in this MDL or to be added other than the State of Texas, by and through the Texas Attorney General.

If an agreement is reached, the parties will submit a joint proposed Protective Order to the Court by December 28, 2018.  If the parties cannot agree, the parties will submit individual briefings to the Court by January 8, 2019.

15.   **Deadlines for Designating Responsible Third Parties.**   Any defendant seeking to designate a person as a responsible third party under § 33.004 of the Texas Civil Practice and Remedies Code (including an unknown person alleged to have committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit) in any of the MDL Cases shall do so by filing a motion for leave to designate that person as a responsible third party in the applicable individual case no later than ___60___ days [**before/after**] the deadline for completing discovery in that case.  The specific pleading requirements of Tex. Civ. Prac. & Rem. Code § 33.004(j) are stayed pursuant to the terms of this CMO.

17.   **Rule 91a Motions to Dismiss.**  The parties shall meet and confer regarding the process for briefing Rule 91a motions in a small number of representative matters and whether discovery will be stayed pending

final resolution of the motions, including appeals.  If an agreement is reached, the parties will submit a joint proposed Order to the Court at or before the upcoming hearing on January 11, 2019.  If the parties cannot agree, the parties will present their separate proposals to the Court at the upcoming hearing on January 11, 2019.

16.   **Miscellaneous.**  Nothing in this Order is intended to limit a party's opportunity to seek amendment of this CMO or other relief should this CMO prove to be unworkable for any reason or fail to manage effectively case preparation.

**IT IS SO ORDERED.**

Signed:
12/26/2018

_____

HONORABLE ROBERT SCHAFFER
PRESIDING JUDGE
152nd District Court

11